## SHELLENBARGER *v.* FEWELL.

No. 103. Argued December 7, 8, 1914.—Decided January 18, 1915.

*Reynolds* v. *Fewell, ante,* p. 58, followed to the effect that under § 7 of the Original Creek Agreement of 1901 a non-citizen husband is entitled under the tribal laws to take an heir's part of the lands which had been allotted to his deceased citizen wife, pursuant to the rule of property established by the highest court of Oklahoma in *De Graffenreid* v. *Iowa Land & Trust Co.,* 20 Oklahoma, 687.

*Quære,* whether persons entitled to take lands allotted under § 28 of the Original Creek Agreement on behalf of a deceased member of the tribe should be ascertained by reference to the time of the death of the decedent or by reference to the date of the allotment.

34 Oklahoma, 79, affirmed.

THE facts, which involve the construction of the Original Creek Agreement and the laws of descent applicable to allotments made thereunder, are stated in the opinion.

*Mr. William R. Lawrence* and *Mr. F. W. Clements* for plaintiff in error.

*Mr. Joseph C. Stone,* with whom *Mr. Henry B. Martin* was on the brief, for defendant in error.

By leave of court *Mr. Grant Foreman* and *Mr. James D. Simms* filed a brief as *amici curiæ,* in support of plaintiff in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

Minnie Solander, a Creek, died intestate on October 8, 1899, leaving her husband, George Solander (who resided

in the Creek Nation but was not a citizen thereof), her child, Hettie L. Solander, and her sister, Phoebe Trusler, surviving. Hettie L. Solander died intestate on December 19, 1899,[1] without husband or issue; her father and aunt (above mentioned) survived her. Minnie Solander was duly enrolled as a member of the Creek tribe and, after the death of herself and her daughter, an allotment was made to her 'heirs' of certain land, the title to which is here in controversy. Her husband, George Solander, on April 27, 1906, executed a conveyance of this land to William M. Fewell, who brought the present action in ejectment against the plaintiff in error, John H. Shellenbarger; the latter claimed the property under a deed from Phoebe Trusler, the nearest relative of Indian blood.

The Supreme Court of the State of Oklahoma held that the husband, although a non-citizen, had title to the lands allotted on behalf of his wife and that they passed under his conveyance. 34 Oklahoma, 79; 124 Pac. Rep. 617. And this writ of error has been sued out.

The record in this case does not show the date of the allotment made on behalf of Minnie Solander [2] but the state court concluded 'from the admissions in the agreed statement of facts and the briefs of both parties' that the allotment had been selected, and the certificate issued, under the Original Creek Agreement of March 1, 1901, c. 676, 31 Stat. 861. This has also been assumed in the argument here. The case is, therefore, controlled by § 28 of the act of 1901, *supra,* which provides that the lands to which the deceased member of the tribe would have been entitled, if living, should 'descend to his heirs according to the laws of descent and distribution of the Creek Nation, and be allotted . . . accordingly.' Under

---

[1] The date of her death is given in the agreed statement in No. 102, *Reynolds* v. *Fewell, ante,* p. 58, as November 17, 1899.

[2] The date of this allotment is stated in the record in No. 102, *Reynolds* v. *Fewell, ante,* p. 58, as December 3, 1901.

these laws, according to the settled rule of construction, George Solander was entitled to the property and had the right to convey. *Reynolds* v. *Fewell, ante,* p. 58.

The question whether the persons entitled to take lands allotted under § 28 on behalf of a deceased member of the tribe, should be ascertained by reference to the time of the death of the decedent, or by reference to the date of the allotment, has been discussed in the briefs but is not material here, inasmuch as in either event George Solander took all the lands in question; it is not necessary to inquire whether an undivided interest should be treated as one passing in the first instance to his daughter and on her death to him.

*Judgment affirmed.*